UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:10-cr-25-FtM-29DNF

HECTOR L. ROMAN BAEZ, JR.
_____

### **OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Indictment for Lack of Exclusive Legislative and Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) Federal Rules of Civil Procedure (Doc. #236) filed on February 3, 2014.

Defendant was convicted of Conspiracy to Distribute 100 Grams or More of Heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846; three counts of Distribution of Heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B); and one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), 924(a)(2).  On December 15, 2000, defendant was sentenced to a total of 130 months imprisonment, to be served consecutive to a state conviction in Pennsylvania.  Defendant now asserts that the federal court lacked subject matter jurisdiction.

This Court has no authority to consider defendant's motion under Fed. R. Civ. P. 12(b)(1).  The Federal Rules of Civil Procedures do not apply to a criminal case such as this.  See

United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998)(citing Fed. R. Civ. P. 1).

Rule 12(b)(3) of the Federal Rules of Criminal Procedure provides that a motion alleging a defect in the indictment generally must be filed before trial. Fed. R. Crim. P. 12(b)(3)(B). The rule, however, also states that, at any time while a case is pending, the district court may hear a claim that the indictment fails to invoke the court's jurisdiction or to state an offense. Id. Defendant was sentenced on December 15, 2010 (Doc. #207), failed to file a direct appeal within 14 days of the entry of judgment, Fed. R. App. P. 4(b)(1)(A)(2011), and failed to file any post-trial proceedings challenging his convictions tolling the deadline to appeal, Fed. R. App. P. 4()(3)(A). See United States v. Elso, 571 F.3d 1163, 1166 (11th Cir. 2009)(finding that the case was no longer pending once the mandate issued); Fed. R. App. P. 41(c)("The mandate is effective when issued"). Therefore, the case has not been pending for over three years and Rule 12(b)(3) provides no authority for the court to consider defendant's motion. The Court has considered all other possible basis for jurisdiction to consider defendant's motion, but finds none.

Assuming, in the alternative, that the court has jurisdiction to consider an attack on its jurisdiction, defendant's motion is without merit. Subject-matter jurisdiction defines the court's authority to hear a given type of case. Alikhani v. United States,

200 F.3d 732, 734 (11th Cir. 2000)(quoting <u>United States v. Morton</u>, 467 U.S. 822, 828 (1984)).  Congress has conferred original jurisdiction of "all offenses against the laws of the United States" to the federal district courts.  18 U.S.C. § 3231.

Four of the counts to which defendant pled guilty are drug offenses that are against the laws of the United States.  21 U.S.C. §§ 841(a)(1), 846.  Congress has the authority to punish such conduct under Title 21, United States Code, based upon the Commerce Clause.  <u>United States v. Lopez</u>, 459 F.2d 949 (5th Cir. 1972)[1].  The Commerce Clause authority includes the power to criminalize conduct which, although not committed while on federal property, has an actual impact on interstate commerce even if not crossing state lines.  <u>Gonzales v. Raich</u>, 545 U.S. 1 (2005); <u>United States v. Bernard</u>, 47 F.3d 1101, 1102 (11th Cir. 1995).  Defendant's final conviction was for a firearms offense which was created by Congress.  <u>See</u> 18 U.S.C. § 922(g)(1), 924(a)(2); <u>United States v. Wright</u>, 392 F.3d 1269, 1280 (11th Cir. 2004).  Therefore, subject matter jurisdiction existed over petitioner's case, and this is the beginning and end of the jurisdictional inquiry.  <u>United States v. Tinoco</u>, 304 F.3d 1088, 1104 n.18 (11th Cir. 2002).  Defendant's

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

arguments regarding federal arrest procedures are not jurisdictional, but in any event are without merit.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss Indictment for Lack of Exclusive Legislative and Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) Federal Rules of Civil Procedure (Doc. #236) is **DISMISSED, OR IN THE ALTERNATIVE IS DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of March, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Hector L. Roman Baez, Jr.