```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:10-cr-25-FtM-29SPC

HECTOR L. ROMAN BAEZ, JR.
_____

## **OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to File 18 U.S.C. 3582(c)(2) Under USSG 5G1.3(b) and USSG 5K2.23 (Doc. #284) filed on July 17, 2017. Defendant also submitted his Inmate Education Data Transcript (Doc. #285) in support on July 21, 2017. Defendant seeks to have his state custody run concurrently to his federal sentence under United States Sentencing Guidelines Manual §§ 5G1.3(b) or 5K2.23, and pursuant to 18 U.S.C. § 3582(c)(2).

The Court cannot modify a term of imprisonment after it is imposed except in limited circumstances, and

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). In fact, defendant's sentence was reduced under this authority and Amendment 782 to the Sentencing Guidelines to reduce his sentence to 120 months of imprisonment but still "consecutive to the term of imprisonment imposed in Case Number CP-38-CR-371-2005 by the Lebanon County Court of Common Pleas, Lebanon, Pennsylvania." (Doc. #265.) The Court finds no jurisdiction to consider defendant's current motion for reduction, or credit for the undischarged term of imprisonment. In the alternative, the motion has no merit.

Defendant pled guilty to a charge of escape in the Lebanon County Court of Common Pleas on June 23, 2005, after he failed to report to the Pennsylvania State Prison work release program. Defendant was paroled on February 17, 2009, and absconded from supervision. Defendant was found in Florida and arrested on January 21, 2010. The violation remained pending at the time of sentencing in this case. (Doc. #259, Presentence Report, ¶ 57.) Defendant was indicted on an eight-count Superseding Indictment in this case on May 5, 2010, for conduct beginning on an unknown date but at least by December 9, 2009, and continuing through on or about February 16, 2010. (Id., ¶ 1.)

Defendant relies on Sentencing Guideline § 5G1.3(b), which assumes that subsection (a) does not apply, and that the term was a result of another offense that is relevant conduct to the offense in this case. The escape offense was not relevant conduct. If

the offense in this case was committed while "defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment", the sentence must be imposed consecutively to the undischarged term of imprisonment. U.S. Sentencing Guidelines Manual § 5G1.3(a). Therefore, the sentence was required to be consecutive to the state sentence. For this reason, § 5K2.23[1] also provides no relief.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to File 18 U.S.C. 3582(c)(2) Under USSG 5G1.3(b) and USSG 5K2.23 (Doc. #284) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record

---

[1] The Policy Statement under § 5K2.23 states that a downward departure may be appropriate if defendant has completed a term of imprisonment and subsection (b) of § 5G1.3 would have provided an adjustment.